IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHILD DOE, by his parents and next friends JOHN and JANE DOE, <br><br> Plaintiff, <br><br> v. <br><br> A.J. BREWER, Superintendent in his individual capacity; STUART McPHERSON, Principal and Athletic Director, Washington Middle School in his individual capacity; and INDEPENDENT SCHOOL DISTRICT NO. 5 OF McCLAIN COUNTY, OKLAHOMA, also known as Washington Public Schools, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. CIV-18-00271-JD |

## ORDER

Before the Court is Plaintiff Child Doe's Unopposed Motion for Leave to File Confidential Information Under Seal ("Motion"). [Doc. No. 83]. The Motion seeks to permit Child Doe to file under seal six exhibits to his forthcoming motion for summary judgment, as well as a legend identifying minors referred to by pseudonym in that motion. [*Id*. at 1]. Child Doe seeks to file under seal "only the most sensitive, confidential documents," which are

(1) records of the investigations and prosecutions of the minor assailants, protected from disclosure by law;

(2) detailed, confidential records of Plaintiff's own mental health treatment; and

    (3)    a legend which connects the names of minor students and the pseudonyms by which they are identified by the parties.

[*Id.* at 1–2].

As noted by Child Doe, "[c]ourts have long recognized a common-law right of access to judicial records." *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007). Parties may not unilaterally restrict public access to judicial documents by deeming or marking them "confidential." *See Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012). However, "the presumption of access can be rebutted if countervailing interests heavily outweigh the public interests in access." *Mann*, 477 F.3d at 1149 (citations omitted). A movant must establish that the interest in restricting access to specific information in the case "outweighs the presumption of public access." *Colony*, 698 F.3d at 1242.

The Court finds that the exhibits sought to be sealed by Child Doe concern matters which are confidential by state statute, concern highly personal information about minors (including Child Doe and classmates), and contain mental health information of Child Doe that should be filed under seal. The Court therefore GRANTS the Motion and finds that Child Doe has demonstrated specific, serious, and substantial interests that heavily outweigh the presumption in favor of the public's common-law right of access to these specific records.

The Court therefore ORDERS that Child Doe is permitted to file under seal as exhibits to his forthcoming motion for summary judgment: exhibits identified in the

Motion as 13, 14, 17, 18, 27, and 30, and the pseudonym legend identifying minor children by pseudonym.

    It is so ORDERED this 29th day of May 2020.

<em>[signature]</em><br>
JODI W. DISHMAN<br>
UNITED STATES DISTRICT JUDGE